UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.: 20-CV-61326-RKA
19-CR-60019-RKA

KEVIN DEMETRIOUS EDWARDS,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

**REPORT AND RECOMMENDATION REGARDING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [ECF No. 1]**

Kevin Demetrious Edwards moves to set aside his guilty plea and sentence. 28 U.S.C. § 2255. He pled guilty to being a felon in possession of a firearm and conspiracy to possess with intent to distribute fentanyl and heroin. He now asserts (1) he is actually innocent of the firearms charge, (2) his trial counsel was constitutionally ineffective by not arguing that the drugs found in Mr. Edwards' residence did not belong to Mr. Edwards, (3) his plea to being a felon-in-possession of a firearm was involuntary because the court and counsel did not tell him the correct elements of the offense, and (4) the Court lacked subject matter jurisdiction over the firearm charge. For the following reasons, the Motion should be DENIED.

## I.  PROCEDURAL HISTORY

Mr. Edwards was charged in a 13-count indictment on January 17, 2019, with multiple firearms and controlled substance offenses. CRDE 13.[1] On April 30, 2019, he pled guilty to Counts 1 and 12 of the Indictment, which respectively charged (1) possession with intent to distribute 400 grams or more of fentanyl and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841 and 846, and (2) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CRDE 32. As part of the plea agreement, Mr. Edwards waived his right to appeal a sentence within the Sentencing Guidelines calculated by the trial judge. *Id.* ¶ 13. The trial judge sentenced Mr. Edwards to 189 months incarceration, followed by five years of supervised release, and a special assessment of $200. CRDE 45. Mr. Edwards did not file an appeal.

## II.  STANDARD OF REVIEW

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. Thus, "the grounds for collateral attack in a final judgment pursuant to 28 U.S.C. § 2255, are limited." *Gayle v. United States,* Case No. 19-cv-62904-Bloom/Reid, 2020 WL 4339359, *3 (S.D. Fla. July 28, 2020). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or the

---

[1] "CRDE" refers to docket entries in criminal case number 19-CR-60019. "ECF No." refers to docket entries in the civil case number 20-CV-61326.

2

laws of the United States; (2) exceeded its jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). So, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1998) (per curiam) (internal quotations omitted)). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.§ 2255(b). The movant, not the Government, bears the burden of establish that vacatur of the conviction or sentence is required. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017), *rehearing en banc denied by, Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018), *cert. denied by, Beeman v. United States*, 139 S.Ct. 1168 (2019).

With limited exceptions, issues capable of being raised on direct appeal cannot be raised for the first time in a § 2255 petition. *United States v. Frady*, 456 U.S. 152, 167-69 (1982). One exception is where the defendant can show cause and actual prejudice. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). "A prisoner collaterally attacking his conviction can establish cause if he can show that some objective factor external to the defense impeded counsel's efforts to comply with

the . . . procedural rule . . ." *Genge v. United States,* 279 F. App'x 897, 898 (11th Cir. 2008) (quotations and citations omitted). Or, cause can be demonstrated where a "'claim is so novel that its legal basis is not reasonable available to counsel[.]'" *Bousley v. United States,* 523 U.S. 614, 622-23 (1998) (citing *Reed v. Ross,* 468 U.S. 1, 16 (1984)). "To establish prejudice, [a movant] would have to prove that [he] suffered actual prejudice, not merely 'the possibility of prejudice.'" *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (quoting *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013)). "The error must have been one 'of constitutional dimensions' and worked to their 'actual and substantial disadvantage.'" *Id.* (quoting *Fordham*, 706 F.3d at 1350).

Actual innocence is also an exception to the procedural bar. "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar" to a court considering the merits of a § 2255 motion. *United States v. Montano,* 398 F.3d 1276, 1284 (11th Cir. 2005). "To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley,* 523 U.S. at 623 (internal quotation marks and citation omitted) *cited in Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021) (brackets in original). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623-24 (internal quotations and citations omitted). Accordingly, the Court is not limited to the trial record when adjudicating a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 328 (1995). "In cases where the Government has forgone more serious charges

4

in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley*, 523 U.S. at 624.

Whether there was ineffective assistance of counsel is measured under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id.* at 690.

As to the first *Strickland* prong, the "standard for counsel's performance is objectively 'reasonableness under prevailing professional norms.'" *Chandler v. United States,* 218 F.3d 1305, 1313. (11th Cir. 2000) (citing *Strickland,* 466 U.S. at 668). A petitioner must prove by a preponderance of the evidence that counsel's performance was objectively unreasonable. *Chandler,* 218 F.3d at 1313, 1315. The judiciary's scrutiny of counsel's performance is highly deferential. *Id.* at 1314. There is a strong presumption that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (citing *Darden v. Wainwright,* 477 U.S. 168 (1986)).

As to the second prong, a defendant establishes prejudice by showing that but for counsel's deficient performance there is a reasonable probability the outcome of the proceedings would have been different. *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.*

5

### III. DISCUSSION

A. *Claim One*

Mr. Edwards argues that he was wrongly convicted of the firearms charge because he did not possess the firearms, as required by 18 U.S.C. § 922(g)(1). He concedes there were firearms in his home, but asserts that the firearms belonged to Issiah Davis. ECF No. 1 at 4. He also argues that he did not have a present intent to exercise dominion and control over the firearms. *Id.* This issue was not raised on direct appeal, so it is procedurally defaulted.

The actual innocence doctrine does not excuse Mr. Edwards' procedural default, even assuming he did not constructively possess the firearms supporting the 922(g)(1) conviction. Here, the Government dismissed two 18 U.S.C. §924(c) charges and nine Title 21 drug offenses, all of which carried more serious statutory maximum penalties than the 922(g)(1) count. Mr. Edwards is not factually innocent of all of those charges. With respect to the drug charges, the stipulated facts in support of the guilty plea show that Mr. Edwards sold heroin and fentanyl directly to a cooperating witness and an undercover agent. These transactions were recorded. In addition, a court-ordered wiretap and search warrants captured evidence that Mr. Edwards was dealing substantial quantities of heroin and fentanyl. Mr. Edwards does not dispute any of these facts.

B. *Claim Two*

In his second claim, Mr. Edwards argues his trial counsel was constitutionally ineffective because he failed to contest whether drugs seized from Mr. Edwards' residence belonged to Mr. Edwards. ECF No. 1 at 5. Mr. Edwards alleges his lawyer said he did not want to get into a dispute with the Government over this issue. *Id.* This claim should be denied. First, the decision whether to contest this issue was within the sound discretion of trial counsel. Accepting Mr. Edwards' proffer of what counsel told him, counsel exercised reasonable professional judgment given that Mr. Edwards was cooperating with the Government in hopes of a recommendation for a lesser sentence. So, counsel's performance was not constitutionally deficient. Second, the drugs seized from the residence were only a portion of the evidence supporting Count 1. Mr. Edwards has not shown by competent evidence that he would not have pled guilty if these drugs had been excluded. So, he has failed to prove prejudice.

C. *Claims Three and Four*

In *Rehaif v. United States,* the United States Supreme Court interpreted the statutory language of § 922(g) as requiring a defendant to have knowledge of his status as a felon. 139 S.Ct. 2191 (2019); *see United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020). Mr. Edwards argues that his guilty plea is invalid because he was not properly advised of the nature of the charges against him, namely, that the Government had to prove his knowledge that he was a convicted felon. *See Rehaif, supra.* He separately argues that the Court lacked subject matter jurisdiction

because the Indictment did not contain *Rehaif*'s requirement that he knew he was a convicted felon.

1. Procedural Default

Mr. Edwards' *Rehaif* claims are procedurally defaulted because they were not raised on direct appeal. He cannot show cause for this default nor actual prejudice from it.

"*Rehaif* was not truly novel in the sense necessary to excuse the procedural default." *See United States v. Innocent,* 977 F.3d 1077, 1084 (11th Cir. 2020) (citation and internal quotation marks omitted). Rather, the issue decided in *Rehaif* had been "repeatedly and thoroughly litigated in the court of appeals for decades." *See Dawkins v. United States,* No. 17-CR-80095, 2020 WL 4936978, *3 (S.D. Fla. Aug. 24, 2020) ("Movant's *Rehaif* claim is not novel because the issue it presents was repeatedly and thoroughly litigated in the courts of appeals for decades.") (citing *Bousley,* 523 U.S. at 622. Further, most appellate courts to have considered the issue have rejected claims of structural error arising from *Rehaif* error. *See United States v. Haynes*, 798 F. App'x. 560, 565 (11th Cir. 2020) (per curiam) (rejecting claim of structural error); *United States v. Coleman,* 961 F.3d 1024, 1029–30 (8th Cir. 2020) (holding on direct appeal that plea based on a *Rehaif* error is not a structural error); *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) (defendants claiming *Rehaif* error must show the error actually prejudiced the outcome). Thus, Mr. Edwards has not shown cause and prejudice arising from the procedural default of his *Rehaif* claim.

2. <u>Failure to allege knowledge of felon status</u>

Alternatively, Mr. Edwards' *Rehaif* claims must be rejected on their merits. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992) (per curiam). When a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989). Mr. Edwards's allegation that the indictment failed to allege he knew of his felon status is a non-jurisdictional defect that was waived by the entry of an unconditional guilty plea. *See United States v. Hutchinson,* 815 F. App'x 422, 424 (11th Cir. 2020) (per curiam) (citing *United States v. Moore*, 954 F.3d 1322, 1336-37 (11th Cir. 2020)); *Brown,* 752 F.3d 1344, 1347 (11th Cir. 2014)). Before accepting a guilty plea, district courts must ensure address three "core principles," ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea. *See United States v. Moriarty,* 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam) (citing *United States v. Jones,* 143 F.3d 1417, 1418-19 (11th Cir. 1998)) (per curiam); *see also* Fed. R. Crim P. 11.

The Eleventh Circuit has made clear that the omission of the knowledge element from a felon-in-possession indictment does not deprive the court of jurisdiction over the offense filed before *Rehaif* even where the indictment failed to

9

charge the knowledge-of-status elements. *See United States v. McLellan,* 958 F.3d 1110, 1118 (11th Cir. 2020).

In any event, careful review of the change of plea proceedings confirms that Mr. Edwards's plea was knowing and voluntary. CRDE 68. For a guilty plea to be knowingly and voluntarily made, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of the plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea … must show a reasonable probability that, but for the error, he would not have entered the plea. *Id.* at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Mr. Edwards does not claim coercion, nor that he did not understand the consequences of his plea, nor that he would not have pled guilty had he been told all of the elements of the offense. Rather, construing his *pro se* pleading liberally, at best Mr. Edwards seems to allege that his guilty plea was not voluntary because he did not understand the nature of the charges. However, "[s]uch a violation is neither constitutional nor jurisdictional." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). A technical violation of Fed. R. Crim. P. 11 is not *per se* prejudicial, and "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Id.* at 785 (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

Although Mr. Edwards alleges that he was not aware of the nature of the charges against him, which does raise a potential constitutional issue, he also does not argue that "if he had been properly advised by the trial judge, he would not have pleaded guilty." *Id.* at 784; *see also United States v. King*, 292 F. App'x 788, 790 (11th Cir. 2008) (*per curiam*) ("Here, assuming without deciding that the district court erred in its Rule 11 colloquy, King has not demonstrated (nor has he even argued) that but-for the alleged Rule 11 errors he would not have pleaded guilty."). That argument would be meritless, in any event. As part of the plea agreement, the Government dismissed two charges under 18 U.S.C. § 924(c), each of which carried a mandatory five-year consecutive sentence. Given that potential exposure and the overwhelming weight of the Government's evidence, it is not credible that Mr. Edwards would have gone to trial if he had been told the Government had to prove he knew he was a felon.

And, the record refutes any suggestion that he was unaware of his status as a convicted felon. He served over 13 years in prison for a 1995 federal drug conviction and was on federal supervised release thereafter.

3. Subject Matter Jurisdiction

Mr. Edwards also alleges that because his indictment did not contain allegations pursuant to § 924(a)(2) regarding Mr. Edwards's knowledge of the § 922(g) elements, it was either invalid or deficient and deprived the Court of subject matter jurisdiction. Challenges to a court's subject matter jurisdiction cannot be waived or

11

procedurally defaulted. *See United States v. Peter*, 310 F.3d 709, 712-13 (11th Cir. 2002).

The Court had subject matter jurisdiction even if the Indictment omitted an essential element of the 922(g)(1) offense. *See United States v. Peter,* 310 F.3d 709, 712-13 (11th Cir. 2002)(per curiam). "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton,* 535 U.S. 625, 630 (2002). "A jurisdictional defect occurs only where a federal court lacks power to adjudicate at all." *United States v. Maldenaldo Sanchez,* 269 F.3d 1250, 1273, n.45 (11th Cir. 2001) (en banc) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (describing subject matter jurisdiction as "the court's statutory or constitutional power to adjudicate the case")). In every criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. § 3231, which provides that "the district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. This standard is "not demanding." *Moore,* 954 F.3d at 1333. To invoke federal subject matter jurisdiction, an indictment need only "charge[ ] the defendant with violating a valid federal statute." *Brown,* 752 F.3d at 1354 (citing *Alikhani v. United States,* 200 F.3d 732, 734-35 (11th Cir. 2000)(per curiam)).

Here, the Indictment charged Mr. Edwards with violating a federal statute because it stated that he violated 18 U.S.C. § 922(g)(1). CRDE 13. Although the Indictment does not allege that Mr. Edwards was aware of his status as a felon at the time he possessed the firearms, the text of § 922(g) contains no such requirement.

*Rehaif* did not suggest that § 922(g) is not a valid federal statute and the Eleventh Circuit has held otherwise. *See United States v. Bates,* 960 F.3d 1278, 1284, 1294-95 (11th Cir. 2020) (affirming § 922(g)(1) conviction after *Rehaif* even though indictment did not allege defendant knew he was a felon and holding that this omission was not jurisdiction because § 922(g) is a "valid federal statute") (citation and internal quotation marks omitted). Consequently, Mr. Edwards's Indictment was sufficient to invoke the Court's subject matter jurisdiction.

Finally, even if the indictment were defective or omitted an element of Mr. Edwards's offense, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton,* 535 U.S. 625, 630 (2002). "A jurisdictional defect occurs only where a federal court lacks power to adjudicate at all." *United States v. Maldenaldo Sanchez*, 269 F.3d 1250, 1273, n.45 (11th Cir. 2001) (*en banc*) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

## IV.     CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Jackson v. United States,* 875 F.3d 1089, 1090 (11th Cir. 2017) (per curiam) (citing 28 U.S.C. § 2253(c)(1)); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). A Certificate of Appealability should issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this

showing) (citation omitted). Where a district court has rejected a movant's constitutional claims on the merits, a movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, applying these principles, no certificate of appealability should issue. If Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Set Aside, Vacate, or Correct Sentence.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of April 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE