UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.   20-61326-CIV-ALTMAN
19-60019-CR-ALTMAN

**KEVIN DEMETRIOUS EDWARDS**,

*Movant*,

v.

**UNITED STATES OF AMERICA**,

*Respondent.*
_____/

## ORDER

The Movant, Kevin Demetrious Edwards, filed a Motion to Vacate his federal sentences—for conspiracy to possess with intent to distribute 400 grams or more of fentanyl and one kilogram or more of heroin and possession of a firearm and ammunition by a convicted felon—pursuant to 28 U.S.C. § 2255. *See* Motion to Vacate [ECF No. 1]. We referred the Motion to Magistrate Judge Bruce E. Reinhart, *see* Notice of Case Reassignment [ECF No. 9], whose Report and Recommendation (the "R&R") [ECF No. 10] suggested that we deny the Motion's four claims as meritless and that we decline to issue a certificate of appealability. *See* R&R at 14 ("Here, applying these principles, no certificate of appealability should issue. . . . Accordingly, the Court recommends that the District Court deny the [Motion to Vacate]."). He also warned the parties as follows:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

*Id.* at 14–15. Objections to the R&R were due on May 12, 2022; neither party filed an objection.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (cleaned up). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, the Court can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 10] is **ACCEPTED and ADOPTED**.
2. Edwards's Motion to Vacate [ECF No. 1] is **DENIED**.
3. Any requests for an evidentiary hearing or a certificate of appealability are **DENIED**.
4. Any other pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.
5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23rd day of May 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Kevin Demetrious Edwards, *pro se*
counsel of record